IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED

AUG 16 2019

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JENNIFER LYNN MARSHALL,<br><br>Defendant/Movant. | Cause No. CR 18-04-BU-DLC<br>CV 19-07-BU-DLC<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Jennifer Lynn Marshall's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Marshall is a federal prisoner proceeding pro se.

The transcript of the change of plea hearing, held August 2, 2018, is needed to decide the issues Marshall presents. The United States will be required to order the transcript for the record and to deliver a copy to Marshall. *See* 28 U.S.C. § 753(f).

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

Marshall pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 or more grams of methamphetamine, a violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and one count of possessing a firearm in furtherance of the drug trafficking crime alleged in Count 1, a violation of 18 U.S.C. § 924(c)(1)(A) ("Count 5"). *See* Plea Agreement (Doc. 61) at 3 ¶ 4.

On Count 1, the mandatory minimum sentence was 120 months, *see* 21 U.S.C. § 841(b)(1)(A)(viii), and the advisory guideline range was 87 to 108 months, *see* Statement of Reasons (Doc. 114) § III. In addition, Count 5 carried a mandatory minimum consecutive sentence of 60 months. *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

The United States requested a sentence of 96 months on Count 1, plus a 60-

month consecutive sentence on Count 5, for a total prison sentence of 156 months. *See* U.S. Sentencing Mem. (Doc. 110) at 6–7.

Marshall requested a sentence of 72 months. *See* Def. Sentencing Mem. (Doc. 109) at 3, 18. She acknowledged the sentence on Count 5 must be at least five years and must be consecutive to any other sentence. *See id.* at 7. She also acknowledged that her conviction on Count 5 would likely disqualify her from participating in the Residential Drug Abuse Prevention ("RDAP") program. *See id.* at 3. To preserve any eligibility she might have, she asked the Court to recommend RDAP enrollment. *See id.* at 18.

At the sentencing hearing, pursuant to 18 U.S.C. § 3553(a), Marshall was sentenced on Count 1 to serve not 120 months, not 96 months, and not 87 to 108 months, but 36 months, plus 60 months on Count 5, consecutive. Her total prison sentence is 96 months, to be followed by a five-year term of supervised release. The Court recommended that she "participate in the Bureau of Prisons' 500-hour Residential Drug Treatment Program if eligible." *See* Am. Judgment (Doc. 117) at 2–3.

Marshall now states that she "did not know or understand the law" and so believed she would serve Counts 1 and 5 concurrently. *See* Mot. § 2255 (Doc. 160) at 5, 6. She asks to have the two counts run concurrently. She also asks that

3

the gun charge, Count 5, be "dropped" so that she will be eligible for RDAP. *See id.* at 4, 12.

Before Marshall pled guilty, she was told the sentence on Count 5 would be consecutive to the sentence imposed on any other count. *See* Indictment (Doc. 2) at 2 (caption); Plea Agreement (Doc. 61) at 2 ¶ 2. She was specifically advised of this fact—twice—at the change of plea hearing.

Marshall's conviction on Count 5 may well prevent her from benefiting from the RDAP program. She will have other opportunities to obtain substance abuse treatment, perhaps in prison, but certainly on supervised release. *See* Am. Judgment (Doc. 117) at 5 ¶¶ 4–8. Her motion to make Counts 1 and 5 concurrent and to "drop" Count 5 is denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Marshall makes no showing that she was denied a constitutional right. She knew conviction on Count 5 under 18 U.S.C. § 924(c) would result in a sentence consecutive to the sentence on any other count, and she received a very significant reduction in her sentence on Count 1. Her serious drug treatment needs are addressed by the conditions of her supervised release and may also be addressed by other programs available to her in prison. She is not entitled to participate in the Residential Drug Abuse Prevention program, and she is not entitled to concurrent sentences on Counts 1 and 5. Reasonable jurists would not encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held August 2, 2018, is needed to decide the issues Marshall presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Jennifer Lynn Marshall, BOP # 17258-046, FCI Dublin, Federal Correctional Institution, 5701 8th St. — Camp Parks, Dublin, CA 94568.

3. Marshall's motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255 (Doc. 160) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Marshall files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-07-BU-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Marshall.

DATED this 16th day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court