IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–04–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JENNIFER LYNN MARSHALL, | |
| Defendant. | |

This matter comes before the Court on Defendant Jennifer Lynn Marshall's pro se motion to correct sentence based on the 2024 amendments to the Sentencing Guidelines. (Doc. 231.) For the reasons stated below, this motion is denied.

## BACKGROUND

Marshall was convicted of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count V). (Doc. 117.) Due to the weight of drugs involved in the offense, and in accordance with USSG §2D1.1(a)(5), Marshall's base offense level was initially calculated at 32; after a three-level reduction for acceptance of responsibility and timely notification of a plea, Marshall's total offense level was calculated at 29. (Doc. 115 at ¶¶ 46, 53–55.) Marshall had one criminal history point and her criminal history category was I.

1

(Doc. 115 at ¶¶ 61–62.) Accordingly, Marshall's guideline range as to her conspiracy count was 87 to 108 months and she was subject to a five-year statutory mandatory minimum sentence as to her possession count. (Doc. 115 at ¶¶ 45, 89–90.)

On November 14, 2024, this Court sentenced Marshall to 36 months of incarceration as to Count I and 60 months as to Count V, to run consecutively. (Docs. 112, 117.) Marshall now moves for a sentencing adjustment based on amendments to the Guidelines scheduled to take effect on November 1, 2024.

## DISCUSSION

Marshall seeks retroactive application of the 2024 amendments to USSG §2D1.1, USSG §2K2.1(b)(4)(1), and Application Note 4 to USSG §2K2.4. (Doc. 231 at 1.) The Government maintains that the 2024 amendments are not applied retroactively—and that even if they were—neither USSG §2D1.1 nor USSG §2K2.1(b)(4)(1) alters Marshall's guideline range. (Doc. 233 at 2–3.) The Court agrees.

As an initial matter, the United States Sentencing Commission has yet to decide whether the 2024 amendments will be applied retroactively. *See* "Remarks by Chair Carlton W. Reeves," Public Meeting of the United States Sentencing Commission (Aug. 8, 2024), available at https://perma.cc/89H8-RCKT. In the event the Sentencing Commission makes the 2024 amendments retroactive, neither

§2D1.1 nor §2D1.1(a)(1)–(4) would modify Marshall's guideline range. The amendments to USSG §2D1.1 relate to USSG §2D1.1(a)(1)–(4). *See* 2024 Amendments at pp. 38–40, available at https://perma.cc/2KQZ-Z3YT (hereinafter "2024 Amendments"). These subdivisions set the base offense levels for crimes involving death or serious bodily injury as well as defendants previously convicted of serious drug felonies or serious violent felonies. Here, however, Marshall's base offense level was determined not according to USSG §2D1.1(a)(1)–(4), but rather according to the drug weight involved and USSG §2D1.1(a)(5)—which was not the subject of any amendment. (Doc. 115 at ¶ 46.)

Furthermore, the amendment to USSG §2K2.4 applies to grouping rules for certain firearms counts, including Marshall's conviction for possession of a firearm in furtherance of a drug trafficking crime. (*Id.* at ¶ 45); 2024 Amendments at 23–26. When calculating the guideline range for the underling offense, Application Note 4(A) directs that where a sentence is imposed under USSG §2K2.4, courts should refrain from imposing a specific offense characteristic for the possession, brandishing, use, or discharge of a firearm. USSG §2K2.4 App. Note (A) (2024). Here, the Court sentenced Marshall to the mandatory minimum of 60 months on Count I and correspondingly did not apply the two-level enhancement to her guideline range. PSR ¶¶ 46–55.

Application Note 4(B) similarly reflects grouping rules applicable to some firearms counts. *See* USSG §2K2.4 App. Note 4(B) (2024). This amendment was created to address "whether subsection (c) of §3D1.2 (Groups of Closely Related Counts) permits grouping of a firearms count under 18 U.S.C. § 922(g) with a drug trafficking count, where the defendant also has an 18 U.S.C. § 924(c) conviction." 2024 Amendment at 20. Pursuant §3D1.2(c), counts embodying "conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." USSG §3D1.2(c). Application Note 4(B) directs that:

> If two or more counts would otherwise group under subsection (c) of §3D1.2 (Groups of Closely Related Counts), the counts are to be grouped together under §3D1.2(c) despite the non-applicability of certain enhancements under Application Note 4(A). Thus, for example, in a case in which the defendant is convicted of a felon-in-possession count under 18 U.S.C. § 922(g) and a drug trafficking count underlying a conviction under 18 U.S.C. § 924(c), the counts shall be grouped pursuant to §3D1.2(c). The applicable Chapter Two guidelines for the felon-in-possession count and the drug trafficking count each include conduct that is treated as a specific offense characteristic in the other count, but the otherwise applicable enhancements did not apply due to the rules in §2K2.4 related to 18 U.S.C. § 924(c) convictions.

*Id*.

These grouping rules, however, do not apply to 18 U.S.C. § 924(c) convictions; indeed, as noted above, Marshall's sentence on Count V was calculated pursuant to the statutory mandatory minimum and not the Sentencing

4

Guideline's grouping rules. *See* USSG §2K2.4(b) ("[I]f the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) or section 929(a) of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction."). Similarly, because Marshall's guideline range as to Count I was calculated pursuant to USSG §2D1.1, it also remains unaffected by the amendment to Application Note 4.

Finally, Marshall's motion references a "zero-point enhancement." (Doc. 231.) Because Marshall is not a zero-point offender, the Court rejected this argument in relation to Marshall's Amendment 821 motion (Doc. 225) and correspondingly does so again here.

CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Marshall's motion (Doc. 231) is DENIED.

DATED this 21st day of October, 2024.

Dana L. Christensen, District Judge
United States District Court

5